UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JON KUNKEL, | Case No. C08-1438-RSM-BAT |
| Plaintiff, | |
| v. | |
| | REPORT AND RECOMMENDATION |
| KING COUNTY, *et al.*, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Jon Kunkel is currently incarcerated in the King County Jail in Seattle, Washington. Appearing *pro se*, he recently filed an application to proceed *in forma pauperis* ("IFP") together with a proposed civil rights complaint, pursuant to 42 U.S.C. § 1983. In his complaint, plaintiff alleges that on March 18, 2008, an unidentified King County employee "illegally quit claim deeded [sic]" plaintiff's house to an individual named Chris Ervin. (Complaint at 3). Plaintiff further asserts that "King County is negligently ruining my ability to defend myself," apparently because plaintiff had been planning to use the house as a means of financing his defense in a pending criminal matter. (*Id*.) Plaintiff names King County and Washington State as defendants. After screening plaintiff's proposed complaint pursuant to 28 U.S.C. § 1915A, the Court recommends that plaintiff's case be DISMISSED without prejudice.

REPORT AND RECOMMENDATION
PAGE – 1

## DISCUSSION

Under 28 U.S.C. § 1915A, the Court "shall review, before docketing if feasible, or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). If the Court finds that the complaint fails to state a claim upon which relief may be granted or is frivolous, the Court must dismiss the complaint. *See* 28 U.S.C. § 1915A(b).

Plaintiff brings this lawsuit under 42 U.S.C. § 1983. In order to bring such an action, plaintiff must establish that defendants are "persons" acting "under color of state law," and that defendants deprived plaintiffs of a right or privilege secured by the Constitution or the laws of the United States. *Parratt v. Taylor,* 451 U.S. 527, 535 (1981). In addition, section 1983 liability may not be premised upon negligence, but requires an intentional act. *See, e.g., Daniels v. Williams,* 474 U.S. 327, 328 (1986) (holding that a negligent act of an official causing loss of property does not implicate the Due Process Clause).

Plaintiff's complaint fails to state a cognizable claim under § 1983. First, he has not named proper defendants. A state, such as Washington, is not a "person" for purposes of § 1983. *See Arizonans for Official English v. Arizona*, 117 S. Ct. 1055, 1069 (1997); *Hale v. Arizona*, 993 F.2d 1387, 1398 (9th Cir. 1993) (en banc). A county, such as King County, may be sued under § 1983 but only if plaintiff alleges that he was harmed as a result of a "custom or policy" of the county. *See Board of County Comm'rs v. Brown,* 117 S. Ct. 1382, 1388 (1997); *Ortez v. Washington County*, 88 F.3d 804, 811 (9th Cir. 1996). Here, plaintiff does not allege that he was harmed as a result of a custom or policy of King County. Rather, plaintiff alleges that he was harmed as a result of a negligent act by King County. Therefore, plaintiff has failed to state a claim against either of the two named defendants.

In addition, even if plaintiff were granted leave to amend his complaint to name a proper defendant, such as the King County employee who allegedly performed the illegal act

REPORT AND RECOMMENDATION
PAGE – 2

of processing the deed to plaintiff's house, the lawsuit here could not proceed. As mentioned previously, section 1983 liability may not be premised upon negligence, but requires an intentional act. 474 U.S. at 328. In addition, an allegation of loss of property does not constitute a constitutional claim if the State has provided an adequate post-deprivation remedy. *See Zinerman v. Burch*, 494 U.S. 113, 129 (1990). It appears that Washington State provides such remedy through the Washington Tort Claims Act, which states that "[t]he state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation." RCWA § 4.92.090; *see Paulson v. Pierce County*, 99 Wash. 2d 645, 664 P.2d 1202 (1983) (holding that this statutory waiver of sovereign immunity applies to political subdivisions of the state, such as counties). Accordingly, the complaint here fails to state a claim upon which relief under § 1983 may be granted.

## CONCLUSION

For the foregoing reasons, the present § 1983 complaint may not proceed, and the Court recommends that it be DISMISSED without prejudice.[1] Consequently, plaintiff's IFP application may be DENIED as moot. A proposed Order accompanies this Report and Recommendation.

DATED this 31st day of October, 2008.

BRIAN A. TSUCHIDA
United States Magistrate Judge

---

[1] Because it is clear that any attempt by plaintiff to amend his complaint to cure the above-described deficiencies would be futile, the Court need not provide plaintiff with an opportunity to amend prior to dismissal. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002); *Lucas v. Department of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).